**Lance Lundvall**
**LUNDVALL LAW OFFICE**
301 North 27th Street, Ste. 310
Billings, Montana 59101
Tele/Fax:  (406) 294-0515
Email: lance@lundvalllaw.com

**ATTORNEY FOR DEFENDANT**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| UNITED STATES OF AMERICA,  Plaintiff,  vs.  JOSE SOLTERO,  Defendant. | No. CR 17-15-BLG-SPW  DEFENDANT'S SENTENCING MEMORANDUM |
|---|---|

COMES NOW the Defendant, JOSE SOLTERO, by and through his counsel of record, Lance Lundvall, and offers this Sentencing Memorandum in advance of the Defendant's sentencing scheduled for *January 17, 2018*.

**I.  Introduction**

On February 16, 2017, the Defendant was charged in a two count indictment along with co-defendant Michael Lange.  The Defendant was charged as follows: Count I Conspiracy to Possess Methamphetamine with Intent to

1

Distribute and Distribute Methamphetamine, in violation of 21 U.S.C. 846 and 841(a)(1); and Count II Possession with Intent to Distribute Methamphetamine in violation of Title 21 U.S.C. 841(a)(1).

On September 1, 2017, the United States filed a Superseding Information charging the Defendant with a sole count of Conspiracy to Possess Methamphetamine with Intent to Distribute and Distribute Methamphetamine, in violation of 21 U.S.C. 846 and 841(a)(1). On September 5, the Defendant plead guilty to that offense before Magistrate Judge Timothy Cavan.

## II.  Objections and Issues in the Pre-Sentence Report

The Defendant will focus on the objections which affect the sentencing guideline range.

1) Paragraph 38- The Defendant previously noted an objection to the base offense level of 38.  However, as the Government properly noted, the Plea Agreement indicates that the parties agree that the base offense level is 38.  Thus, the Defendant WITHDRAWS the objection related to the base offense level and all other objections to paragraphs related to that objection.

2) Paragraph 28- The Defendant does in fact meet the criteria for safety valve pursuant to U.S.S.G. 2D1.1(b)(17), in light of his lack of criminal history and his willingness to debrief regarding his involvement in this conspiracy.

3) Paragraph 30- the Defendant still maintains his objection to the enhancement for Role in the Offense.  He was not a manager or supervisor in the criminal activity.  While he certainly participated in the conspiracy, simply participating does not make one a manager or leader. Furthermore, serving as interpreter for others involved that did not speak spanish does not make one a leader.  There was only one leader in this conspiracy and that is Mr. Lange.

3. Paragraph 32- Adjusted Offense Level- with a corrected base offense level of 38, no enhancement for Role in the Offense, and reducing by 2 points for safety valve eligibility, the adjusted offense level should be 36.
4. Paragraph 36- The adjusted offense level after acceptance of responsibility should be 33.

### III. Defendant's Scoring of the Advisory United States Sentencing Guidelines

In addition to the objections noted above, the Defendant believes that the Court should depart downward pursuant to U.S.S.G 5k2.12 under the policy statement for DURESS.  The Defendant shall establish at the sentencing hearing that he and other members of his family were threatened with violence

if he did not participate in this conspiracy. Counsel for Defendant is still waiting for documentation and other information related to this issue and it shall be provided as soon as received.

## IV. Discussion of 3553 Factors

The fundamental consideration for the Court in sentencing is the directive that the court "shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes [of sentencing]."18 U.S.C. §3553(a)(emphasis added.) This primary directive requires the Court to impose the *least severe* sentence necessary to satisfy the four purposes of sentencing - punishment, deterrence, protection of the public and rehabilitation. 18 U.S.C. §3553(2)(A-D). In fashioning a sentence, the Court must also "consider the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). In this regard, we respectfully request the Court consider those applicable mitigating factors under the §3553 analysis. *US. V. Menyweather*, 447 F.3d 625, 634 (9th Cir. 2005)("In the 'broader appraisal,' available to district courts after *Booker*, courts now [have the discretion to weigh a multitude of mitigating and aggravating factors that existed at the time of mandatory Guidelines sentencing, but were deemed 'not ordinarily relevant,' such as

age, education and vocational skills, mental and emotional conditions, employment record, and family ties and responsibilities.")   In "sentencing an individual, [the] task is to attempt to find the most reasonable sentence for that person within the territory of all possible reasonable sentences." *United States v. Zavala,* 443 F.3d 1165, 1170 (9th Cir. 2006).

**A. The Sentencing Mandate in 18 U.S.C. §3553(a)(2):**

    **1.    Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment:**

Section 3553(a)(2)A) requires the judge to consider "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense."  Mr. Soltero does not deny the gravity of the offense for which he pleaded guilty.  His timely plea of guilty and his admissions to the probation officer demonstrate his respect for the law and recognition of the severity of the crime.

    **2.    Deterrence**

Section 3553(a) requires imposition of a sentence that serves crime control purposes – e.g., deterrence and incapacitation.  Congress directed that all sentences must "afford adequate deterrence to criminal conduct" and "protect

5

the public from further crimes of the defendant." See 18 U.S.C. § 3553(a)(2)(B) and ( C).

While the criminal justice system as a whole provides some deterrent effect, a key question is whether enhanced sanctions or an enhanced possibility of being apprehended provide any additional deterrent benefits. In the instant case, a criminal sentence is of great deterrence of further criminal conduct. Mr. Soltero's sentence, regardless of whether the Court departs downward or follows the Government's recommendation, he is looking at significant prison time that will certainly be enough to serve as a deterrent.

    **3.**    **Protect the Public from Further Crimes of the Defendant**

Thus, with respect to the 18 U.S.C. § 3553(a)(2) ( C) factor, again, the Defendant will be facing significant prison time will certainly protect the public from future crimes.

    **4.**    **Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

As indicated in the PRS, the Defendant would benefit from drug treatment as he has a history of some methamphetamine use. It is respectfully requested that the Court recommend the R-DAP program. He has not had any prior treatment for drug addiction.

6

**B.  Sentencing Factors in 18 U.S.C. § 3553(a)(1): History and Characteristics of Mr. Soltero.**

Section 3553(a)(1) is a "broad command to consider 'the nature and circumstances of the . . . the history and characteristics of the defendant.'" *Gall v. United States*, 128 S. Ct. 586, 596 n. 6 (2007). Significantly, the Presentence Investigation Report provides detail of Mr. Soltero's history and characteristics as those factors bear on 18 U.S.C. § 3553(a). As evidenced by the pre-sentence report, he is an able-bodied man that is not afraid to work. He has worked significantly throughout his life. Of great significance is the fact he has no criminal history points. He has been a life-long law abiding citizen aside from this drug conspiracy. This fact lends credence to his position that he only got involved due to the duress from the threats of violence if he did not participate.   .

## Conclusion

Keeping in mind "the overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary" (*Carty*, 520 F.3d at 990, citing 18 U.S.C. § 3553(a)), and for the reasons stated above and applying the criteria set forth in 18 U.S.C. § 3553(a), a sentence of 60 month sentence is more than sufficient but not greater than necessary under the

circumstances of this case.   Such a sentence would be  taking into account his age, prospect of future productivity as a member of society, his acceptance of responsibility and lack of criminal history.

RESPECTFULLY SUBMITTED this 2nd day of January, 2018.

/s/Lance Lundvall
LANCE LUNDVALL
Attorney for Defendant